Filed 6/24/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SCARLET CANN, | B243396 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC094333) |
| v. | |
| ANNIE STEFANEC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Russell Steven Kussman, Judge.  Affirmed.

Law Offices of Gary A. Dordick, Gary A. Dordick and Mark J. Bloom for Plaintiff and Appellant.

Horvitz & Levy, Karen M. Bray, Emily V. Cuatto; Gates, O'Doherty, Gonter & Guy and Peter J. Gates for Defendant and Respondent.

_____

Plaintiff and appellant Scarlet Cann was injured by a weight dropped by defendant and respondent Annie Stefanec, her teammate on the UCLA swim team, during a mandatory team workout session intended to strengthen the swimmers.  Cann filed an action alleging negligence against Stefanec.  Stefanec successfully moved for summary judgment on the basis of the doctrine of primary assumption of the risk.  Cann argues primary assumption of the risk does not apply under the circumstances of this case.  We affirm.

### The Motion for Summary Judgment

Stefanec's motion for summary judgment relied on the following undisputed facts.  Cann and Stefanec were members of the UCLA women's swim team on February 4, 2010.  The team lifted weights twice a week in the weight room for the purpose of improving strength to help in competitive swimming.  The weight room had numerous platforms elevated one to two inches off the ground, with a weight rack on each platform.  Team members were performing a circuit of three exercises, including "step-ups," pushups, and use of a "glut/ham machine."

Stefanec was performing step-ups on the platform with her back to the weight rack, while Cann was nearby doing pushups.  Stefanec had a weight bar containing two five-kilogram plates on her shoulders while doing the step-ups.  Stefanec lost her balance and began to fall backward.  Stefanec dropped the weight bar behind her and fell backward onto the bar, fracturing a vertebrae in her back.

According to another member of the swim team, the weight bar rolled less than two feet and a weight plate came in contact with Cann's head, as Cann was performing pushups behind Stefanec.  Cann estimated she was four or five feet from the bench where Stefanec was performing the step-ups, and she was two to three feet away when Stefanec fell.  Cann does not know what part of the weight bar or weight plates hit her.

Cann, Stefanec, and two other swim team members testified in deposition that swimmers were instructed by a coach to drop the weight bar if the weight was too heavy

2

or the lifter lost her balance.  Cann had observed UCLA team members drop weights prior to this incident.  Cann had dropped weights before this incident when "maxing out."

### *Cann's Opposition to the Motion for Summary Judgment*

Cann argued that she did not assume the risk that Stefanec, or anyone else, would drop a weight on her head.  Her mere presence in a gym did not assume all risks of negligent conduct by others.  Even if assumption of the risk was applicable, this case falls outside of the doctrine because a jury could find that Stefanec acted recklessly by lifting weights within inches of Cann's head.

Cann's presence in the weight room was required by her coach.  She was doing pushups, not lifting weights, when injured.  Cann and Stefanec were not competing and were not coparticipants in a sport.  They were engaged in two different and distinct activities.  Pushups do not involve the risk of injury from heavy weights.  The weight fell directly onto Cann, it did not roll onto her.  Stefanec was too close to Cann when Stefanec dropped the weights.

### *Stefanec's Reply to the Opposition*

Stefanec argued that Cann's opposition to the motion reflected a misunderstanding of the law of primary assumption of the risk.  The concept focuses on the defendant's conduct, not that of the plaintiff.  Often the concept is applied to a spectator or bystander.  Participatory sports often result in accidental careless behavior.  Cann's deposition testimony made clear she did not know if she was hit by the weight bar or a weight plate.  She believed she was struck by the bar, based on its weight, but did not see the bar hit her.  In any event, the particulars of how the injury occurred are irrelevant to the application of primary assumption of the risk.  There is no requirement that Cann and Stefanec engaged in the same specific exercise at the time of the injury for primary assumption of the risk to apply.

Stefanec also filed objections to certain evidence submitted by Cann.

### *Ruling of the Trial Court*

The trial court determined that primary assumption of the risk applied and granted summary judgment. All of Stefanec's evidentiary objections were overruled. Judgment was entered for Stefanec. Cann filed a timely notice of appeal from the judgment entered after summary judgment was granted.

## DISCUSSION

Cann raises two issues on appeal.[1] First, she argues the trial court erred in applying the doctrine of primary assumption of the risk, because Cann and Stefanec were not interacting and were not coparticipants in any competitive sport. Second, the doctrine of primary assumption of the risk does not apply because Stefanec recklessly positioned herself too close to where Cann was doing pushups and dropped a weight on her head.

### *Summary Judgment Standard of Review*

"Under Code of Civil Procedure section 437c, subdivision (c), summary judgment 'shall be granted if all the papers submitted show that there is no triable issue as to any

---

[1] Cann argues in her reply brief that summary judgment was improperly granted because there is a disputed material fact over how the accident occurred—Stefanec's evidence was that the weight bar rolled onto Cann, while Cann testified at her deposition the weight fell directly on her as she was prone. This point was mentioned only in a footnote in the statement of facts in Cann's opening brief, rather than "under a separate heading or subheading summarizing the point." (Rule 8.204(a)(1)(B), Cal. Rules of Court.) We are not required to address issues raised for the first time in a reply brief. In any event, the question of exactly how Cann was injured, whether by a rolling weight or being struck directly on her head, is not a *material* factual issue in regard to application of primary assumption of the risk.

4

material fact and that the moving party is entitled to a judgment as a matter of law.'  The purpose of summary judgment is not to resolve issues of fact, but rather to determine whether there *are* issues of fact that must be resolved through a trial.  (*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107, superseded by statute on other grounds as stated in *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853, fn. 19.)  The function of the trial court is solely to determine whether such issues of material fact exist and not to decide the merits of the issues themselves.  (*Molko*, at p. 1107.)

"The determination of the trial court in ruling on a motion for summary judgment is one of law based upon the papers submitted.  (*Lyons v. Security Pacific Nat. Bank* (1995) 40 Cal.App.4th 1001, 1013.)  Upon review, we apply the same standard applicable in the trial court, i.e., we independently review the record to determine whether there are triable issues of material fact.  (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767.)  In so doing, we view the parties' evidentiary submissions in the light most favorable to the appellant as the losing party.  (*Id.* at p. 768.)"  (*EHP Glendale, LLC v. County of Los Angeles* (2011) 193 Cal.App.4th 262, 270-271.)

### *The Doctrine of Primary Assumption of the Risk*

"'Although persons generally owe a duty of due care not to cause an unreasonable risk of harm to others (Civ. Code, § 1714, subd. (a)), some activities—and, specifically, many sports—are inherently dangerous.  Imposing a duty to mitigate those inherent dangers could alter the nature of the activity or inhibit vigorous participation.'  (*Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1003.)  The primary assumption of risk doctrine, a rule of limited duty, developed to avoid such a chilling effect.  (*Ibid.*; *Knight v. Jewett* [(1992)] 3 Cal.4th [296,] 308 [(*Knight*)].)  Where the doctrine applies to a recreational activity, operators, instructors and participants in the activity owe other participants only the duty not to act so as to *increase* the risk of injury over that inherent in the activity.  (*Avila v. Citrus Community College Dist.* (2006) 38

Cal.4th 148, 162; *Kahn,* at p. 1004.)" (*Nalwa v. Cedar Fair, L.P.* (2012) 55 Cal.4th 1148, 1154 (*Nalwa*).)

As our Supreme Court recently held, "the primary assumption of risk doctrine is not limited to activities classified as sports, but applies as well to other recreational activities 'involving an inherent risk of injury to voluntary participants . . . where the risk cannot be eliminated without altering the fundamental nature of the activity.' (*Beninati v. Black Rock City, LLC* [(2009)] 175 Cal.App.4th [650,] 658.)" (*Nalwa*, *supra*, 55 Cal.4th at p. 1156.) The *Nalwa* court explained, "[t]he policy behind primary assumption of risk applies squarely to injuries from physical recreation, whether in sports or nonsport activities. Allowing voluntary participants in an active recreational pursuit to sue other participants or sponsors for failing to eliminate or mitigate the activity's inherent risks would threaten the activity's very existence and nature. . . . But active *recreation,* because it involves physical activity and is not essential to daily life, is particularly vulnerable to the chilling effects of potential tort liability for ordinary negligence." (*Nalwa*, *supra*, 55 Cal.4th at p. 1157, fn. omitted.)

*Analysis*

Cann's argument that the doctrine of primary assumption of the risk does not apply because she and Stefanec were not coparticipants in a sport fails for two reasons. First, as a factual matter, they were coparticipants in a training session consisting of a circuit of three exercises for the purpose of adding strength as swimmers. Second, after the decision in *Nalwa*, it is of no moment whether the circuit training by Cann and Stefanec is characterized as a sport or recreation, as the doctrine of primary assumption of the risk applies to both types of activity.

Cann and Stefanec were members of the UCLA women's swim team. Team members were required to use the weight room for strength training. Cann and Stefanec were participating, at the same time, in circuit training consisting of rotation through three different exercises. Cann's argument that she and Stefanec were not coparticipants

6

because they "were engaged in different activities"—Cann doing pushups while Stefanec was performing step-ups—is far too narrow an interpretation of what was taking place. The undisputed evidence demonstrates the athletes were coparticipants in designated exercises as part of a program to increase their strength as swimmers. That Cann was doing one of the circuit exercises while Stefanec performed another does not establish that they were not coparticipants. To the contrary, all of the evidence indicates they were in the weight room at the same time as teammates performing the same set of exercises as part of a training regimen.

Moreover, application of primary assumption of the risk is not limited to situations in which a plaintiff is engaged in the exact same activity as the party causing the injury. "'Duties regarding the same risk may differ depending on the role played by the particular defendant. In the sporting context, for example, a defendant could be in the role of "coparticipant, passive observer, instructor, coach, owner of the venue in which the sport is played, or supplier of the equipment used in the sport." (*Peart v. Ferro* (2004) 119 Cal.App.4th 60, 72.)' (*Saville* [*v. Sierra College* (2005)] 133 Cal.App.4th [857,] 870.)" (*Towns v. Davidson* (2007) 147 Cal.App.4th 461, 468 [primary assumption of the risk applies to bar recovery for injuries suffered by recreational skier as a result of negligent conduct by employee of ski operator]; *Lilley v. Elk Grove Unified School Dist.* (1998) 68 Cal.App.4th 939, 943-944 (*Lilley*) [recovery for broken arm suffered by wrestler when coach demonstrated a technique precluded by primary assumption of the risk].)

On the issue of duty, we have no difficulty in making a judicial determination that weight lifting involves an inherent risk of injury to persons in the vicinity of lifters who drop weights because of a loss of balance, injury suffered during a lift, or other reasons. (See *Nalwa*, *supra*, 55 Cal.4th at p. 1158 [judges may rely on their own or common experience with recreational activity in deciding "inherent risk questions"].) Logic, and the undisputed facts tendered by both sides on the summary judgment motion in this case, support this conclusion.

Cann testified in deposition that swimmers were instructed to drop the weight bar "if it's too much weight," she had dropped the bar when "maxing out" on the exercise,

and had seen others do the same. Stefanec testified the swimmers were instructed to drop the bar if they lost their balance. Two other swimmers gave deposition testimony that a coach had instructed the weight should be dropped if the lifter lost her balance. One of these swimmers had seen weights dropped two or three times in the middle of an exercise. Based on this evidentiary record, the trial court correctly concluded that Cann and Stefanec were engaged in either sporting or recreational activity that involved an inherent risk of danger of being injured by a dropped weight.

Cann further argues that primary assumption of the risk does not apply "because liability for Cann's injuries while Stefanec was lifting weights and Cann was doing pushups will not alter the fundamental nature of either activity by deterring participants from vigorously engaging in weight lifting or pushups . . . because neither activity entails a risk of head injury from weights." While we have no quarrel with the legal principle Cann relies upon, it does not apply in this case.

"Even if the activity is one to which the primary assumption of risk applies, there are certain risks that are deemed not assumed, and certain injury-causing actions that are not considered assumed risks of the activity. The primary assumption of risk rule 'does not grant unbridled legal immunity to all defendants participating in sporting activity. The Supreme Court has stated that ". . . it is well established that defendants generally do have a duty to use due care *not to increase the risks to a participant over and above those inherent in the sport.*" ([*Knight, supra,*] 3 Cal.4th at pp. 315-316 . . . .) Thus, even though "defendants generally have no legal duty to eliminate (or protect a plaintiff against) risks inherent in the sport itself," they may not increase the likelihood of injury above that which is inherent. (*Id.* at p. 315.)' (*Campbell v. Derylo* (1999) 75 Cal.App.4th 823, 827.) Conduct is not inherent in the sport if that conduct is 'totally outside the range of ordinary activity involved in the sport . . . [and] if the prohibition of that conduct would neither deter vigorous participation in the sport nor otherwise fundamentally alter the nature of the sport.' (*Freeman v. Hale* [(1994)] 30 Cal.App.4th [1388,] 1394.) A participant injured in a sporting activity by another participant may recover from that coparticipant for intentional infliction of injury or tortious behavior 'so

8

reckless as to be totally outside the range of the ordinary activity involved in the sport' but not for mere negligence. (*Knight, supra,* 3 Cal.4th at pp. 320-321.)" (*Moser v. Ratinoff* (2003) 105 Cal.App.4th 1211, 1221-1222.)

Weight training involves the risk that the weight will be dropped. As such, Stefanec's conduct after she lost her balance was not totally outside the range of ordinary activity of the sport. Contrary to Cann's argument, imposing liability for the conduct in this case would alter the fundamental nature of the activity. By all accounts, Stefanec followed the training instructions she and Cann received when she dropped the weight behind her after losing her balance. Subjecting a lifter to liability for merely dropping a weight near herself would, in fact, alter the conduct of the sport. This is particularly so where, as here, there is no evidence Stefanec was lifting an unusually heavy amount of weight.

Cann has repeatedly argued that primary assumption of the risk does not apply because she did not impliedly consent to having a weight dropped on her head. However, a plaintiff's expectation does not define the limits of primary assumption of the risk. "Primary assumption of risk focuses on the legal question of duty. (*Cheong v. Antablin* [(1997)] 16 Cal.4th [1063,] 1067-1068.) It does not depend upon a plaintiff's implied consent to injury, nor is the plaintiff's subjective awareness or expectation relevant. (*Id.* at p. 1068; [*Knight,*] *supra,* 3 Cal.4th at pp. 312-313.)" (*Lilley*, *supra*, 68 Cal.App.4th at p. 943.)

Finally, there is no merit to Cann's argument that primary assumption of the risk did not apply because Stefanec engaged in reckless conduct. (*Knight*, *supra*, 3 Cal.4th at p. 320 [athlete does not assume the risk of a coparticipant's intentional or reckless conduct outside the range of ordinary activity of the sport].) Stefanec was following the instructions of the coach, which Cann herself had followed, by allowing the weight to drop behind her for safety. There is no evidence she dropped the weight intending to hurt any person, including Cann. Dropping the weight as instructed for safety purposes does not begin to approach conduct that falls "'outside the range of ordinary activity involved in the sport.'" (*Avila v. Citrus Community College Dist.* (2006) 38 Cal.4th 148, 165

9

[pitcher who intentionally threw at a batter at the direction of his coach did not engage in reckless conduct outside the range of ordinary activity involved in baseball].)  Stefanec's conduct bears no resemblance to what occurred in *Yancey v. Superior Court* (1994) 28 Cal.App.4th 558, in which a discus was recklessly thrown by an athlete who did not first look to see if the area was clear.  Cann was confronted with a situation in which she lost control of the weight bar and, consistent with the instructions provided by the coach, dropped the bar behind her.  No evidence of reckless conduct exists in this case.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondent Annie Stefanec.


KRIEGLER, J.


We concur:


TURNER, P. J.


O'NEILL, J.*

---

*      Judge of the Ventura County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.